# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO A. PAZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Field Office Director, Mesa Verde, Office of Detention and Removal, POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office, TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | No.  1:25-cv-00986-KES-CDB (HC)<br><br>ORDER GRANTING PRELIMINARY INJUNCTION<br><br>Docs. 4, 13, 14 |

## I.  Background

This case concerns the detention of petitioner Rodrigo A. Paz Hernandez, a noncitizen who has been in immigration removal proceedings since May 2024.  Petitioner was briefly detained upon his entry into the United States in May 2024 but was then released after immigration officials determined that he was not a flight risk or danger to the community. Notwithstanding that determination—and despite the fact that petitioner maintained a clean criminal record, appeared for all required check-ins and hearings with immigration authorities, and complied with all conditions of his release—Immigration and Customs Enforcement ("ICE") agents re-detained petitioner in the hallway of the San Francisco Immigration Court as he exited a

1

scheduled hearing in his immigration case.[1]  Petitioner then filed a petition for writ of habeas corpus and a motion for temporary restraining order with this Court.  Docs. 1, 4.

After respondents filed an opposition and petitioner filed a reply, *see* Docs. 10, 12, the Court granted petitioner's motion for temporary restraining order on August 21, 2025, Doc. 13.  The Court found that petitioner was likely to succeed on the merits of his claim that his re-detention without a bond hearing violated the Due Process Clause of the Fifth Amendment, that petitioner faced irreparable harm absent a temporary restraining order, and that the balance of equities and public interest weighed in petitioner's favor.  *See* Doc. 13.  Therefore, to return the parties to the status quo ante, the Court ordered that respondents release petitioner and not re-detain him without a pre-deprivation bond hearing before a neutral arbiter at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community.  *See id.*  The Court further ordered respondents to show cause why a preliminary injunction should not issue pending a final disposition of this matter.  *Id.*

**II.    Discussion**

On August 28, 2025, respondents filed a response to the order to show cause that largely relies on and incorporates by reference the arguments they made in their prior brief.  *See* Doc. 14 at 3.  Respondents argue that the temporary restraining order "should be dissolved instead of being converted into a preliminary injunction for the reasons stated in [their prior] opposition brief."  *Id.*  In the alternative, respondents argue that the injunction be narrowly limited so as not to interfere with their "authority to execute removal orders," citing 8 U.S.C. section 1231(a)(2) and 1252.  *Id.*

For the reasons stated in the Court's order granting petitioner's motion for temporary restraining order, *see* Doc. 13, the Court finds respondents' arguments unpersuasive and finds that petitioner has shown that he is likely to succeed on the merits of his claim, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities is in his

---

[1] A more detailed factual background is contained in the Court's order granting motion for temporary restraining order.  Doc. 13 at 2–4.  The parties have not presented any additional factual evidence, and it is not necessary to repeat here the relevant facts as set out in the Court's prior order.

favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that petitioner is entitled to a preliminary injunction that bars his re-detention without a bond hearing at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community.

To the extent respondents request that the preliminary injunction cease to apply once a final order of removal is issued, *see* Doc. 14 at 3, that request is denied. The government appears to argue that requiring a pre-deprivation bond hearing before petitioner may be re-detained would impermissibly intrude on the agency's execution of any final order of removal that may subsequently be issued, but that is incorrect. This Order does not address the agency's execution of any final order of removal; this Order concerns petitioner's right to a pre-deprivation bond hearing before respondents may re-detain him pending his removal proceedings, including pending any appeal that may occur after a final order of removal is issued.

### III.  Conclusion and Order

Accordingly, petitioner's motion for temporary restraining order, Doc. 4, is converted to a motion for preliminary injunction and is GRANTED. Respondents may not re-detain petitioner without a pre-deprivation bond hearing before a neutral arbiter at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

IT IS SO ORDERED.

Dated:   September 10, 2025

UNITED STATES DISTRICT JUDGE

3