UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO PAZ HERNANDEZ<br>(A-Number: 249-503-472),<br><br>              Petitioner,<br><br>       v.<br><br>MINGA WOFFORD, *et al.*,<br><br>              Respondents. | Case No.  1:25-cv-00986-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 13, 16)<br><br>**<u>14-Day Objection Period</u>** |

Petitioner Rodrigo Paz Hernandez ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action on August 8, 2025, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Center, located in Bakersfield, California.  *Id.* ¶ 22.  Petitioner filed a motion for temporary restraining order ("TRO") that same day.  (Doc. 4).  The presiding district judge set a briefing schedule on the motion for TRO.  (Docs. 6, 11).  On August 11, 2025, the undersigned set a briefing schedule on the merits of the petition.  (Doc. 7).

On August 21, 2025, the presiding district judge granted Petitioner's motion for TRO, ordered Respondents to release Petitioner immediately, and ordered the parties to brief whether a preliminary injunction should be issued pending a final disposition of the matter.  (Doc. 13).  After the parties filed further briefing (Docs. 14, 15), the presiding district judge converted the motion

for TRO into a motion for preliminary injunction, granted it, and enjoined and restrained the government from re-detaining Petitioner without a pre-deprivation hearing before a neutral arbiter at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Doc. 16).

On September 26, 2025, Respondents filed an opposition to Petitioner's petition on the merits, contending that the petition should be denied "[f]or the reasons stated" in Respondents' prior briefing on the TRO motion and the preliminary injunction "as reiterated" in the instant opposition. (Doc. 17 at 1). On October 24, 2025, Petitioner filed a traverse in response to Respondents' opposition. (Doc. 18).

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The undersigned finds that, for the reasons addressed in the Court's orders granting a TRO and granting a preliminary injunction, the detention framework governing Petitioner's then-detention is 8 U.S.C. § 1226(a) (not, as Respondents contend, the mandatory detention provisions of § 1225) and Respondents' detention of Petitioner without a bond hearing violated his due process rights under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Accordingly, because Respondents merely reiterate arguments already considered and rejected by the Court in those orders (*see, e.g.* Doc. 17) and Respondents do not raise any new arguments, the petition should be granted. *See* (Doc. 16 at 2) ("For the reasons stated in the Court's order granting petitioner's motion for [TRO], … the Court finds respondents' arguments unpersuasive[.]"); (Doc. 13 at 10-11).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings

and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE